ROGERS, Circuit Judge, concurring.
I join the majority’s opinion, except for Part III.A. For the compelling reasons given in the remainder of the majority’s opinion, the Government does not owe interest on the amounts paid by Ford as a deposit. There is no need at all to address the applicability of the strict construction canon for waivers of sovereign immunity, and I would therefore not do so. See Leval, Judging Under the Constitution: Dicta About Dicta, 81 N.Y.U. L.Rev. 1249 (2006).
Unnecessarily addressing the issue is particularly problematic in this instance, where the issue is close and conceptually difficult. I would not say, for instance, that the general purpose of sovereign immunity is only to shield the government from suit, and not from liability. Immunity of the United States in its own courts is a doctrine that serves separation-of-powers interests, and is not just a matter of court jurisdiction. In our three-branch scheme of government, courts generally have the final power both to say what the law is and to compel compliance with the law. But the legislature has a particularly strong primary responsibility with respect to the allocation of public funds, because of its responsiveness to popular views and its ability to weigh interests. This primary responsibility of the legislature to allocate public funds is reflected in the doctrine of sovereign immunity, which as a modern doctrine is almost entirely limited to money suits. Courts cannot take public funds and give them to private parties unless it is particularly clear that Congress intended for the courts to do so. This limit logically applies not only to whether a particular court has jurisdiction, but also to whether the private parties are entitled to the money. Sovereign immunity thus *595 comprises not only a jurisdictional limit, but a substantive one as well.